IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVIE E. JONES | § | |
| (TDCJ No. 1706874), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-16-K-BN |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Stevie E. Jones, a Texas prisoner, proceeding *pro se*, has filed an

application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons

explained below, the application should be denied.

**Background**

Petitioner's current, 35-year sentence resulted from three separate robbery

indictments handed down in Dallas County, Texas. He was indicted for robbery while

using or exhibiting a deadly weapon. *See State v. Jones*, F-0960793 (363rd Judicial

Dist. Ct., Dallas County, Tex.). This indictment also alleged that Petitioner had two

prior offenses – for robbery, in 2005, and for aggravated robbery, in 1995. Two separate

indictments for robbery, both without a deadly weapon allegation, and both only

including the 2005 prior offense were also handed down. *See State v. Jones*, F-0956876,

F-0972982 (363rd Judicial Dist. Ct., Dallas County, Tex.). Petitioner pleaded guilty and

accepted a 35-year sentence in each case, to run concurrently, and the deadly weapon allegation was struck from F-0960793. No direct appeal was filed.

But Petitioner filed applications for state writs of habeas corpus. On July 24, 2013, the Texas Court of Criminal Appeals denied each application on the findings of the trial court, made without a live hearing. *See Ex parte Jones*, WR-79,197-03, WR-79,197-04, WR-79,197-05 (Tex. Crim. App. July 24, 2013); *see also* Dkt. No. 8-7 at 42-48; Dkt. No. 8-8 at 48-54; Dkt. No. 8-9 at 43-49 (state habeas court findings of fact and conclusions of law and supporting affidavits).

Through his federal habeas application, timely filed before January 3, 2014, s*ee* Dkt. No. 2, Petitioner asserts that his guilty pleas were unknowingly entered and that his trial counsel was constitutionally ineffective. Respondent has answered the Section 2254 petition, *see* Dkt. No. 6, but Petitioner has not filed a reply, and his time to do so has passed.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme

Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 110 Stat. 1214,] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more

general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision"(quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state

court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

In addition to alleging that his counsel was constitutionally ineffective, Petitioner also appears to contend that the "erroneous advice" of his counsel resulted in an "unknowingly entered guilty plea." Dkt. No. 2 at 14, 17.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g., Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n. 1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*,

2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

As part of Petitioner's written plea agreements, *see, e.g.,* Dkt. No. 8-8 at 52-56, he waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *See id.* at 53-54. By signing the plea agreements, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 55. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

Petitioner has not overcome this strong presumption, and, for the reasons discussed below, he also has not shown – to the extent that the Sixth Amendment claims that he asserts have not been waived by his voluntary guilty pleas – that his counsel rendered constitutionally ineffective assistance.

The Court reviews Sixth Amendment claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under

*Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689)).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have

had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

*Strickland* also applies in the context of a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). But, in that context, proving *Strickland*'s "'prejudice' requirement" turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. This means that, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citations

-9-

omitted); *see also Davis v. United States*, 335 F. App'x 825, 827 (11th Cir. 2009) (per curiam) ("If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did <u>or</u> (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy *Strickland*." (emphasis added)). Furthermore, claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 1410 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and

citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

Petitioner contends that his counsel, Paul Johnson, was ineffective for a list of reasons that he sets out in his petition: counsel denied Petitioner his right to an examining trial, which Petitioner claims that he requested; counsel failed to timely subpoena security surveillance tape; counsel failed to utilize a private investigator, who Petitioner claims could have unearthed evidence that would have supported a mere theft conviction; counsel failed to interview the complainant, whose statement Petitioner contends was induced by the assigned police detective; counsel failed to challenge the elements of the offense; counsel failed to file certain motions; according to Petitioner, counsel only spoke with Petitioner three times in 18 months; counsel "lacked a defensive strategy 3 days before trial"; counsel "refused to allow the court to consider any type of evidence of [Petitioner's] chronic drug addiction"; and counsel left Petitioner "totally defenseless and at the mercy of the court." Dkt. No. 2 at 17.

Although a live hearing was not conducted, the state habeas court obtained an affidavit from Petitioner's trial counsel, *see* Dkt. No. 8-7 at 46-47, in which, that court found, "[c]ounsel refute[d] all of [Petitioner's] allegations." Dkt. No. 8-7 at 44 ("Based on a thorough review of the Application and the affidavit submitted by Paul Johnson,

the Court finds that the statements made by him are true, correct, and dispositive of the allegation made by Applicant."); *see Pippin v. Dretke*, 434 F.3d 782, 791-92 (5th Cir. 2005) (a state habeas court's findings as to the credibility of an affiant "are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts" (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).

Through his affidavit, counsel explained that he "did not request examining trials for the offenses. An examining trial usually consists of an officer appearing and reading a police report regarding the offense. The complaining witness usually does not appear. Thus, no additional information would have been gained from an examining trial." Dkt. No. 8-8 at 46.

This Court has further reviewed counsel's affidavit, included in which is that counsel was successful in reducing the aggravated robbery charge to a robbery charge and counsel's explanation for his belief that Petitioner was not entitled to a lesser included offense instruction for theft. *See id.* at 46-47. As counsel further explained,

> [b]ased on [his] professional experience, Jones faced much more than the 35 year sentence to which he entered a guilty plea. Based on the facts of these cases and the fact that he had prior convictions for similar offenses, Jones faced a life sentence in the aggravated robbery case. The time he had to serve for that offense would have been aggravated time requiring him to serve one-half of his sentence before becoming eligible for parole. With the reduction I was able to obtain, he only has to serve one-fourth of his sentence before becoming eligible for parole.

*Id.* at 47.

Based on counsel's testimony, Petitioner has failed to show that the state court's conclusion that counsel was not ineffective, *see* Dkt. No. 8-7 at 44, amounts "to an

unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013); *see also Hunnicutt v. Thaler*, No. 3:12-cv-0121-D, 2013 WL 2367772, at *6 (N.D. Tex. May 30, 2013) ("Petitioner's claims related to his attorneys' failure to request an examining trial, properly investigate the case, or file pretrial motions" "do not implicate the voluntariness of his plea" and "are barred." (citing *Smith*, 711 F.2d at 682 (claims of ineffective assistance due to failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea); *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [Petitioner] complains that he is innocent of the charged offense ..., that there was insufficient evidence to support his conviction, and that trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-cv-776-A, 2012 WL 426639, at *6 (N.D. Tex. Feb.10, 2012) (same as to claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions"))).

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE